IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ALAN WILKINS, | : | |
|    Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21--3861 |
| | : | |
| SUPERINTENDENT ARMEL, *et al.*, | : | |
|    Respondents. | : | |

## ORDER

**AND NOW**, this 3rd day of November, 2022, upon careful and independent consideration of Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Scott W. Reid (hereinafter, the "R&R") (ECF No. 7), **IT IS ORDERED** that:

1. The R&R (ECF No. 7) is **APPROVED** and **ADOPTED**.

2. Petitioner's Motion to Supplement Response to the R&R (ECF No. 10) is **DENIED**.

3. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE.** [1]

4. There is no basis for the issuance of a certificate of appealability.

5. Petitioner's Motion to Change Address (ECF No. 8) is **GRANTED**.

6. The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

    */s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] **FACTUAL BACKGROUND:**
On December 4, 2012, Petitioner had been traveling in an SUV with his brother—Maurice Wilkins—and his girlfriend—Jennifer Velez-Negron—and had been followed by an acquaintance—Carlos Vargas-Osario—in another car. Though Vargas-Osario had been under the impression that Petitioner was driving

to a location to purchase drugs, he would soon witness Maurice Wilkins get out of the SUV and begin firing shots—before jumping into Vargas-Osario's car—and he would also witness shots being fired from the driver's side of the SUV. As Petitioner would later describe to several individuals, he and his brother had shot and killed Dario R. McLemore and Rafael Alequin after they purportedly sold fake drugs to Petitioner for $700-$800. Relatedly, Petitioner had also been angry with Jennifer Velez-Negron for arranging the fake drug deal. Though Petitioner initially sought to have Javonda Mosely-Lebo administer an overdose to Velez-Negron to silence her, Petitioner and Maurice Wilkins would take matters into their own hands—resulting in Velez-Negron's charred body being found alongside a road in Lehigh County just three weeks later.

**PROCEDURAL HISTORY:**
On May 29, 2015, Petitioner was convicted for the murders of McLemore, Alequin, and Velez-Negron. On July 16, 2015, Petitioner was sentenced to three consecutive life sentences. On August 28, 2016, the Pennsylvania Superior Court affirmed the conviction, and, on February 2, 2017, the Pennsylvania Supreme Court denied Petitioner's request for an allowance of an appeal. During those appeals, Maurice Wilkins, on October 21, 2015, entered a guilty plea to three counts of murder as to McLemore, Alequin, and Velez-Negron. In his guilty plea colloquy, Maurice Wilkins asserted that Petitioner was his accomplice in the three murders. However, during sentencing, Maurice Wilkins recanted his previous admission and now stated that Petitioner had no knowledge of the murders and did not participate in them. With this allegedly "newly discovered" evidence in hand, Petitioner, on April 17, 2017, filed a Post-Conviction Relief Act ("PCRA") Petition, which would be denied by the PCRA court on January 8, 2020. The Pennsylvania Superior Court, on September 22, 2020, denied Petitioner's appeal, and the Pennsylvania Supreme Court, on February 2, 2021, denied his request for an allowance of an appeal. On August 26, 2021, Petitioner filed a petition for habeas corpus relief. On December 20, 2021, United States Magistrate Judge Scott W. Reid issued a Report and Recommendation ("R&R") concluding that Petitioner's petition for habeas corpus relief should be denied. On September 28, 2022, Petitioner filed an untimely Motion to Supplement Response to the R&R—which this Court received and accepts as an objection to the R&R, wherein he also requests further review of Claims 3 and 4 of his petition. (ECF No. 10.)

**LEGAL STANDARD:**
Where a habeas petition has been referred to the magistrate for a report and recommendation, the district Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge…receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (b)(1)(C). A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998)*; Cruz v. Chater,* 990 F. Supp. 375, 375-78 (M.D. Pa. 1998); Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b). An error is "plain" if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). When timely and specific objections are made, the district court reviews de novo those portions of the report and recommendation to which an objection is made. 28 U.S.C. § 636 (b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

**DISCUSSION:**

The petition for habeas corpus relief centers on four claims: (1) PCRA counsel failed to raise a claim that trial counsel had been ineffective when trial counsel did not ensure that the jury had been read accomplice testimony instructions; (2) the trial court should have severed the charges for the murder of Jennifer Velez-Negron from charges for the murders of Dario R. McLemore and Rafael Alequin by allowing for two separate trials; (3) PCRA counsel failed to raise a claim that trial counsel provided ineffective assistance of counsel when trial counsel failed to obtain Maurice Wilkins' exculpatory testimony; and (4) Maurice Wilkins' testimony shows that Petitioner is actually innocent. (Petition for Writ of Habeas Corpus (hereinafter, "Petition"), pp. 14, 18, 25, 27, ECF No. 1.)  Upon review of these four claims, Judge Reid determined the following: (1) the surrounding trial testimony and jury instructions diminished any potential prejudice experienced by Petitioner by the trial court not reading the actual accomplice testimony instructions to the jury; (2) the trial court's alleged abuse of discretion is not properly before this Court because Petitioner did not raise these federal constitutional claims in the state court proceedings and, even if Petitioner did properly raise these claims, Pennsylvania courts have allowed joinder of cases that are interconnected but that still allow the jury to separate the evidence; (3) Maurice Wilkins' unavailability to testify in Petitioner's trial necessarily means that PCRA counsel had not been ineffective in failing to obtain Maurice Wilkins' testimony; and (4) Maurice Wilkins' potentially exculpatory testimony would likely not have compelled a reasonable juror not to convict Petitioner—as there were at least seven other witnesses that had established Petitioner's involvement across the three murders.  Though Petitioner's objections to the R&R were untimely, this Court will nevertheless review the dispositive legal issues raised in the R&R—in addition to assessing whether there is plain error or manifest injustice.

**Claim 1: Accomplice Testimony Instructions**

Petitioner's first claim is that:

> Petitioner was denied effective assistance of counsel when PCRA counsel failed to raise the claim that trial counsel was ineffective for not requesting an accomplice testimony instruction concerning the testimony of Commonwealth witnesses Carlos Vargas and Javonda Lebo.

(Petition, p. 14, ECF No. 1.)  For context, "[a 'corrupt and polluted source'] instruction is required when an accomplice's testimony implicates the defendant; the instruction informs the jury 'that the accomplice is a corrupt and polluted source whose testimony should be viewed with great caution.'" *Commonwealth v. Ford*, 237 A.3d 470 (Pa. Super. Ct. 2020) (quoting *Com. v. Smith*, 609 Pa. 605, 661, 17 A.3d 873, 906 (2011)).  In claiming that his PCRA counsel had been ineffective, the U.S. Supreme Court instructs that Petitioner must show that his PCRA counsel "was ineffective under the standards of [*Strickland v. Washington,* 466 U.S. 668 (1984)]" **and** "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).  Further, both the U.S. Supreme Court and Pennsylvania Supreme Court reiterate how suffering some sort of prejudice is essential to an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)*; see also Commonwealth v. Wholaver*, 644 Pa. 386, 401 (2018).

In this case, Petitioner alleges that he had been prejudiced when the jury did not receive the aforementioned accomplice testimony instruction with respect to Carlos Vargas-Osario (who drove Maurice Wilkins away from the scene of the McLemore and Alequin murders) and Javonda Mosely-Lebo (who had, at one time, started preparing a potential overdose cocktail for Velez-Negron).  However, as Judge Reid noted, Pennsylvania courts have routinely found that failure to request an accomplice instruction did not amount to prejudice where—as was done in this case—the jury had been made aware of the interests and bias of

3

the relevant witnesses in the case and the judge provided jury instructions on evaluating the credibility of the witnesses. *See Commonwealth v. Proctor*, 240 A.3d 203 (Pa. Super. 2020) (Table), Text at 2020 WL 5036438 at *6; *Commonwealth v. Ford*, 237 A.3d 470 (Pa. Super. Ct. 2020) (Table), Text at 2020 WL 2571006 at **3-4; *see also Wholaver*, 644 Pa. 386, 436 (2018). Thus, the absence of a formal accomplice testimony instruction is not sufficient to show prejudice. Unable to show prejudice, Petitioner cannot demonstrate that his underlying ineffective-assistance-of-trial-counsel claim is a substantial one or that it has merit. Taken together, Judge Reid rightfully determined that Petitioner cannot make out an ineffective assistance of PCRA counsel claim.

### Claim 2: Severance of Murder Charges

Petitioner's second claim is that:

> Petitioner was denied due process of law, and his Fifth Amendment right to a fair trial was violated, where the trial court refused to sever, and allowed the Commonwealth to consolidate the murder in Lehigh County of Jennifer Velez-Negron, along with the murders in Reading, PA, of Dario R. McLemore and Rafael Alequin for one trial, where jurisdiction wasn't proven.

(Petition, p. 18, ECF No. 1.) As noted by Judge Reid, Petitioner only claimed that the state court judge abused his discretion under state law and did not assert a federal constitutional claim before the Pennsylvania courts. After all, "federal courts may exercise the power to consider habeas applications only where 'it appears that the applicant has exhausted the remedies available in the courts of the State'" and "[t]he exhaustion rule requires applicants to 'fairly present' federal claims to state courts before bringing them in federal court." *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citations omitted). Thus, Petitioner has failed to exhaust his federal constitutional claims in state court.

However, even if this Court overlooks the failure to exhaust issue, the United States District Courts for the Eastern District of Pennsylvania and for the District of New Jersey have instructed how "the joinder of the charges of first degree murder and aggravated assault allowed the Commonwealth 'to present a full chronology of related events, avoided the need to repeat evidence at separate trials, and did not compromise a specific right of Petitioner or prevent the jury from reliably judging Petitioner's guilt [or] innocence.'" *Collins v. Diguglielmo*, No. CIV.A. 10-851, 2013 WL 3305233, at *29 (E.D. Pa. July 1, 2013) (referencing *Boretsky v. Ricci*, No. CIV. 09-0771 FLW, 2012 WL 664945, at *28 (D.N.J. Feb. 29, 2012)). Further, the *Collins* court noted how "[t]he three offenses involved different victims, which aided the jury's ability to separate the evidence as to each offense." *Id.* In this case, the murder of Jennifer Velez-Negron had been connected to the murders of Dario R. McLemore and Rafael Alequin in that the Commonwealth would naturally leverage evidence of the murders of McLemore and Alequin to show Petitioner's motive for killing Velez-Negron (who had been integral in setting up the sale of the purportedly fake drugs and who had been a witness to the McLemore and Alequin murders). Relatedly, because these were two separate instances of murder, at two different places and times, and for different motives, a jury would be able to separate the evidence as to each offense. Taken together, Judge Reid correctly concluded that the joinder or consolidation of the murders did not deprive Petitioner of a fair trial.

### Claim 3: Failure to Obtain Testimony of Maurice Wilkins

Petitioner's third claim is that:

> Petitioner was denied effective assistance of counsel as guaranteed by the United States Constitution when PCRA Counsel failed to raise in an amended PCRA petition the claim that trial

> counsel was ineffective when he failed to interview and call Maurice Wilkins, who would have testified that Petitioner was not involved in the homicides.

(Petition, p. 25, ECF No. 1.) As Judge Reid keenly observes, Maurice Wilkins had not been called as a witness because he was unavailable. During Petitioner's impending trial, Maurice Wilkins had been awaiting disposition of his own case regarding the murders of Alequin, McLemore, and Velez-Negron. Thus, testifying in Petitioner's case would have forced Maurice Wilkins to admit his own guilt on the witness stand—notably at around the same time that he had been considering a non-trial dispositional plea of his own. This Court agrees with Judge Reid's assessment that PCRA counsel's opting for a more plausible claim of newly discovered evidence (versus a seemingly meritless claim of ineffective assistance of counsel) goes directly against the notion that PCRA counsel had been ineffective. Finally, as described in more depth under Claim 1, *Martinez* does not afford Petitioner relief, as Petitioner cannot show that the underlying ineffective assistance of counsel claim was substantial or that it had merit—which is required to make out a claim that PCRA counsel had been ineffective. Taken together, PCRA counsel's inability to call Maurice Wilkins does not rise to the level of ineffective assistance of counsel.

**Claim 4: Actual Innocence**
Petitioner's fourth and final claim is that:

> Petitioner's conviction and sentence violated the United States Constitution and due process of law where the testimony of Maurice Wilkins, who testified that Petitioner was not involved in the homicides, proves that Petitioner is actually innocent of the crimes he stands convicted of.

(Petition, p. 25, ECF No. 1.) As the U.S. Supreme Court and the Third Circuit have instructed, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995); *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). Stated differently, Maurice Wilkins' testimony would have had to make it more likely than not that no reasonable juror would have convicted Petitioner for the murders of Alequin, McLemore, and Velez-Negron. However, Judge Reid effectively reiterated the testimony of at least seven different witnesses that proffer evidence of Petitioner's guilt across all three murders—ultimately prompting Judge Reid to conclude that a jury might well have still decided to convict Petitioner even after hearing Maurice Wilkins' testimony. In other words, Petitioner has not made the required showing of the new evidence's likely impact on jury and the trial—*i.e.*, that it would have compelled a reasonable juror not to convict Petitioner as outlined in *Schlup* and *Reeves*.

**CONCLUSION:**
Upon review of Judge Reid's well-reasoned analysis in his December 20, 2021 Report & Recommendation, this Court approves and adopts the R&R, denies Petitioner's Motion to Supplement Response to the R&R, and dismisses with prejudice Petitioner's Petition for Writ of Habeas Corpus.